WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV 10-549-TUC-HCE |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Scott R. Macy, | ) | |
| Defendant. | ) | |

The Magistrate Judge has jurisdiction over this matter pursuant to the parties' consent. *See* 28 U.S.C. § 636(c). (Doc. 13). Pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. 16). For the following reasons, Plaintiff's Motion is granted.

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff, the United States of America, filed the instant action pursuant to 28 U.S.C. §1345 to recover amounts due on a defaulted student loan allegedly made to Defendant. Plaintiff alleges that "[a]ll due credits and set-offs have been applied to the debt and there now remains due and owing to the plaintiff $54,063.59 principal, plus $6,608.40 interest through August 17, 2010, with interest continuing to accrue at 8.25% per annum from August 18, 2010, which debt, despite demand, has not been paid." (Complaint, ¶3). Defendant, through counsel, filed an Answer. (Doc. 10). Defendant did not assert any affirmative defenses in his Answer.

On October 3, 2011, Plaintiff filed a Motion for Summary Judgment (Doc. 16) (hereinafter "MSJ) and a Separate Statement of Facts (Doc. 17) (hereinafter "SOF"). Pursuant to LRCiv. 56.1(d), Rules of Practice of the U.S. District Court for the District of Arizona (hereinafter "Local Rules"), the opposing party to a motion for summary judgment shall have 30 days after service within which to serve and file a responsive memoranda. The response time has expired and Defendant has not filed a response.

**II.     DISCUSSION**

Under LRCiv 7.2(i) of the Local Rules, if the opposing party to a motion, such as a motion for summary judgment "does not serve and file the required answering memoranda ...such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." The Ninth Circuit has held that it is an abuse of discretion to grant a motion pursuant to a local rule such as LRCiv 7.2(i) where the movant's papers are insufficient to support the motion or on their face reveal a genuine issue of material fact. *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 950 (9th Cir. 1993). To recover on a promissory note in a student loan case, the government must establish that: (1) the defendant signed the note; (2) the government is the current owner or holder of the note; and (3) the note is in default. *United States v. Petroff-Kline,* 557 F.3d 285, 290 (6th Cir. 2009); *United States v. Lawrence,* 276 F.3d 193, 197 (5th Cir. 2001). To establish this *prima facie* showing, "the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness." *Petroff-Kline,* 557 F.3d at 290. Once a *prima facie* case is established, the defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation. *Id.*

In its moving papers, Plaintiff contends that it is entitled to judgment as a matter of law "in the total amount of $60,671[.]99, consisting of [$]54,063.59 principal, plus $6,608.40 interest computed through August 17, 2010, with interest continuing to accrue from August 17, 2010, plus interest from the date of judgment as provided by law and all costs in this action." (MSJ, p. 5).

To support its Motion for Summary Judgment, Plaintiff submits an affidavit from

Lynda Faatalale, a Loan Analyst with the U.S. Department of Education. (SOF, Exh. A) as well as a Certificate of Indebtedness certified pursuant to 28 U.S.C. §1746(2) under the penalty of perjury by Loan Analyst Peter LaRoche, also with the U.S. Department of Education (SOF, Exh. B). Plaintiff's evidence establishes that on or about August 20, 2007, Defendant executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. (SOF Exh. A,¶6 att. 1; *see also* SOF Exh. B). Under the promissory note executed by Defendant, Defendant "promise[d] to pay the U.S. Department of Education...all sums disbursed under the terms of this Promissory Note...", including interest and fees as well as collection costs if Defendant failed to make payment on the note when due. (SOF, Exh. A, att. 1, p.3). On or about September 17, 2007, the loan was disbursed in the amounts of $18,043.21[1] and $31,548.11[2]. (SOF, Exh. A ¶7 & att. 2; SOF, Exh. B). The loan was approved and made under the William D. Ford Federal Direct Loan Program[3] under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. §1087a *et seq.* and 34 C.F.R. Part 685. (SOF, ¶3 & Exh. B). The Department of Education "has credited a total of $1,440.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States..." a total debt of $60,671.99. (*Id.*). Additionally, "interest accrues on the principal...[of $54,063.59] at the rate of $12.21 per day." (*Id.*).

On or about November 18, 2009, Defendant defaulted on the obligation. (SOF, ¶9 & Exh. B). Pursuant to 35 C.F.R. §685.202(b), a total of $4,472.27 in unpaid interest was

---

[1] This amount repaid Defendant's then outstanding FFEL Stafford Subsidized Loans held and serviced by Sallie Mae. (SOF, Exh. A, ¶¶6-7).

[2] This amount repaid Defendant's then outstanding Supplemental Loans held and serviced by Sallie May. (SOF, Exh. A, ¶¶6-7).

[3] Under the William D. Ford Federal Direct Loan Program, the Secretary of Education extends loans to enable a student or parent to pay the costs of the student's attendance at a post-secondary school. 20 U.S.C. §1087a; 34 C.F.R. §685.100. A component of this Program is the Federal Direct Consolidation Loan Program which provides loans to borrowers to consolidate certain Federal educational loans. 34 C.F.R. §685.100(a)(4).

1 | capitalized and added to the principal balance. (*Id.*).

**III. CONCLUSION**

The time to respond to Plaintiff's Motion for Summary Judgment has expired and Defendant has not filed a response. Review of the record indicates that Plaintiff's Motion is facially meritorious and, thus, supports the granting of Plaintiff's Motion pursuant to LRCiv. 7.2(i).

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 16) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgement against Defendant for $54,063.59 principal, and $6,608.40 interest through August 17, 2010, plus interest from August 18, 2010 through the date of Judgment in the amount of $6,251.52, plus interest from the date of Judgment at 0.12%, compounded annually until the Judgment is satisfied. Plaintiff is also entitled to costs incurred herein.

The Clerk of Court is further directed to close this action.

DATED this 11th day of January, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge